IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SHAREEF SULTAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.: 3:03 cv 822 MJR |
| | ) | |
| DARLENE VELTRI, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to Magistrate Judge Donald G. Wilkerson by District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Petition for a Writ of Habeas Corpus filed by the petitioner, Shareef Sultan, on December 4, 2003 (Doc. 1). For the reasons set forth below, it is **RECOMMENDED** that the petition be **DENIED** and that the Court adopt the following findings of fact and conclusions of law:

Findings of Fact

This habeas petition involves a challenge to the calculation of the petitioner's, Shareef Sultan's,[1] sentence by the Bureau of Prisons. The petitioner does not provide many specific dates or calculations in his petition or his memorandum in support. He does indicate that he was convicted of a federal drug charge, a violation of 21 U.S.C. §841(a)(1), on June 12, 1996 and that he was sentenced to 140 months on December 4, 1996. He further states, according to his own calculations which take into account concurrent state jail time and good conduct credit, that he should be released on June 22, 2008.

---

[1] The respondent points out that the petitioner is identified as Sultan Shareef in his prison files.

In response, the respondent states that the petitioner's projected release date is July 15, 2008. The respondent also provides the affidavit of David McDonald, the Inmate Systems Manager at the Federal Correctional Institution, Greenville, Illinois, where the petitioner is housed. McDonald's affidavit, the contents of which the petitioner has not challenged, asserts that the petitioner's sentencing documents were filed under seal. McDonald further outlined dates relevant to the calculation of the petitioner's jail time:

> 1. On February 29, 1996, the petitioner was arrested by state authorities on the federal charges.
>
> 2. On March 4, 1996, he was turned over to federal authorities.
>
> 3. On March 14, 1996, he was released on bond from the custody of the U.S. Marshals.
>
> 4. On May 16, 1996, he was arrested by state authorities and released on the same day.
>
> 5. On June 12, 1996, he pled guilty to the federal charge.
>
> 6. On October 18, 1996, he was arrested by state authorities.
>
> 7. On December 4, 1996, he was subject to a writ of habeas corpus ad prosequendum and sentenced to 140 months with credit for time served on the federal charge. He was returned to the state the same day.
>
> 8. On December 11, 1996, his state probation term was revoked, imposing a 7 year sentence.
>
> 9. On December 12, 1996, he was sentenced by the state to 5 years with no credit for time served to run concurrent with the federal sentence.
>
> 10. On January 27, 1997, he was sentenced by the state to a 1 year term with no days of credit to run concurrently with the sentence he was presently serving.
>
> 11. On June 4, 1998, he was paroled on the state charges (on the 7

>year, 5 year, and 1 year sentences which ran concurrently) and
>released to the custody of the Marshals (based on a detainer).

>(David McDonald Affidavit at ¶¶ 4-10)

McDonald indicates that the BOP credited 19 days to his federal sentence which encompassed: February 29, 1996 to March 14, 1996; May 16, 1996; and, October 18, 1996 to October 20, 1996.

While the petitioner generally complains that the BOP miscalculated his sentence by failing to credit time and by failing to run his federal term concurrently with his state sentence, he does not specifically indicate in what manner the BOP has failed to accurately calculate his federal sentence. What he appears to be alleging, however, is that his federal sentence should have run concurrently with the state sentence imposed on December 11, 1996. An *in camera*, inspection of the judgment in the petitioner's federal criminal case does not reveal any statement concerning the concurrent running of the petitioner's state and federal sentences.

## Conclusions of Law

The petitioner is challenging the calculation of his sentence pursuant to 28 U.S.C. §2241 and alleges that the calculation is in contravention of the laws of the United States. See Romandine v. United States, 206 F.3d 731, 736 (7th Cir. 2000). His first claim is that the BOP failed to credit him for time served prior to sentencing in violation of 18 U.S.C. §3585(b). That code section provides:

>(b) Credit for prior custody.--A defendant shall be given credit
>toward the service of a term of imprisonment for any time he has
>spent in official detention prior to the date the sentence
>commences--
>
>>(1) as a result of the offense for which the sentence
>>was imposed; or

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.
>
> 18 U.S.C. §3585(b).

From McDonald's affidavit, it appears that the petitioner did receive credit for prior served jail time in conformity with the statute. He was credited from the date of arrest, February 29, 1996 to March 14, 1996 when he was released from bond. He also was credited for May 16, 1996, when he was arrested by state authorities, and for October 18, 1996 to October 20, 1996, when he was arrested by state authorities but not given state credit for time served. From the evidence, then, it appears that the BOP complied with the statute. Therefore, this claim must fail.

The petitioner's second argument is that the BOP failed to comply with a federal Court order that his federal sentence run concurrently with his state sentence. It appears that the petitioner is arguing that his federal sentence should have run at the same time as the sentences imposed on December 11 and 12, 1996 and January 27, 1997.[2] First, logic dictates that the federal sentence, imposed on December 4, 1996, could not be ordered to run concurrently with state sentences that were imposed on a later date. <u>Romandine</u>, 206 F.3d at 737-738. Second, even if the state court had ordered that his sentence, on unrelated criminal conduct, run concurrently with his previously imposed federal sentence, this created no obligation on the BOP to credit the petitioner for time served prior to being delivered to federal authorities on June 4,

---

[2] Although, the petitioner's calculation of his end date, June 22, 2008, is only 3 weeks shy of the end date calculated by the BOP, as oppose to approximately 18 months difference if the petitioner is correct in his assertion that the federal and state sentences should have run concurrently.

4

1998.  See generally, Jake v. Herschberger, 173 F.3d 1059, 1065-1066 (7th Cir. 1999) (this case discusses a now repealed statute, 18 U.S.C. §3568, which was replaced, with significant changes, by 18 U.S.C. §3585 – this principle, however, is still sound).  By placing a detainer on the petitioner, the BOP necessarily intended his sentences to run consecutively – a decision that is within the discretion of the Attorney General, acting through the BOP (and consistent with the federal judgment).  Romandine, 206 F.3d at 738.  The petitioner has presented no argument that he sought, from the BOP, a declaration that his federal time would run concurrently with any state time he was serving, nor does the evidence support a finding that the petitioner was in federal custody prior to June 4, 1998.  While a §2241 petition can be used to challenge the action of the BOP, there is no evidence nor valid argument that would compel this Court to recalculate his sentence.

Finally, the petitioner states that his sentence should be reduced based on the Sentencing Guidelines in effect at the time of his sentencing.  In general, any arguments relating to the Sentencing Guidelines should be brought in the direct review stage and not through collateral review.  See, Allen v. United States, 175 F.3d 560, 563 (7th Cir. 1999).  In any event, even if this Court were to consider this argument, it is unclear how USSG 5G1.3, note 2, as enacted at the time of the petitioner's offense and sentencing, benefits the petitioner.  At the time of his sentencing in federal court, the petitioner was serving no enhancing state sentence on a related charge such that it could be credited to his federal sentence.  As noted above, the state sentences were imposed *after* he was sentenced in federal court: there was no sentence with which his federal sentence could run concurrently.  This argument, therefore, is unavailing.

For the reasons set forth above, it is **RECOMMENDED** that the Petition for a Writ of

Habeas Corpus filed by the petitioner, Shareef Sultan, on December 4, 2003 be **DENIED** (Doc. 1) and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: July 13, 2005**

> **s/ Donald G. Wilkerson**
> **DONALD G. WILKERSON**
> **United States Magistrate Judge**